UNITED STATES DISTRICT COURT

Northern District of California

SHARON S. HENRY,

              Plaintiffs,

  v.

BANK OF AMERICA CORPORATION,

              Defendant(s).
_____/

No. C 09-00628 CRB (MEJ)

**DISCOVERY ORDER**

## I. INTRODUCTION

On July 14, 2009, the parties in this action filed a joint letter detailing a discovery dispute concerning the scope of four subpoenas issued by Defendant City and County of San Francisco seeking Plaintiff's medical records. (Dkt. #38.) After considering the parties' arguments, the Court rules as follows.

## II. OVERVIEW OF DISPUTE

As detailed in the parties' joint letter, the San Francisco Police Department arrested Plaintiff at a Bank of America in San Francisco on suspicion of check fraud. In her Complaint, Plaintiff alleges that when the officers placed her under arrest, one of the officers handcuffed her behind her back, despite the fact that she informed the officer that she had a frozen shoulder. (Compl. at ¶32.)

On June 17, 2009, Defendants served Plaintiff with four notices of deposition by subpoenas duces tecum pursuant to Rule 30(B)(6), naming California Pacific Medical Center, California Pacific Medical Center c/o Grant & Weber, California Pacific Medical Center c/o Foto-Med Solutions, and Active Physical Therapy as deponents. (*See* Dkt. #38, Exhibits 1-4.) CCSF subsequently agreed to limit the subpoenas to seek: "All medical records regarding plaintiff's right upper extremity and shoulder from 10 years pre-incident through the present." (*Id*. at 2.)

Plaintiff now moves to quash the subpoenas, arguing that the subpoenas are over-broad, in that no evidence of doctor visits relating to the injuries alleged in her Complaint exist prior to August 2007. She thus contends that the ten-year timeframe has no bearing on the merits of the case

or her claims of excessive force. Plaintiff further indicates that she provided CCSF with an Outpatient Physical Therapy Evaluation page from California Pacific Medical which details her medical history regarding pain to her right shoulder since August 2007. Plaintiff also objects to the subpoenas on the ground that they seek, "Any and all billing records, including payments received, write-offs and adjustments, and all X-rays, MRI's, CT scans and any other imaging studies," which Plaintiff argues are irrelevant.

CCSF, however, maintains that the information sought by the subpoenas -or at least as CCSF proposes to amend them - is both relevant and narrowly tailored in its scope. With respect to the relevancy of the documents sought, CCSF argues that medical records showing a shoulder or elbow injury ten years old would be relevant to liability issues because Plaintiff's excessive force claim is based, at least in part, on her allegation that she suffered from a frozen shoulder, which was aggravated during the arrest. CCSF asserts that "prior medical records regarding her right shoulder would show (or lead to the discovery of witnesses and information indicating) the causation, treatment and seriousness of her prior shoulder condition, any prior aggravating injuries to the shoulder and any limitations or warnings regarding shoulder movements put into place by her doctors (such as to not put her hands behind her back)." (Dkt. #38 at 4.) Further, CCSF argues that the medical records are relevant to damages that Plaintiff is seeking for physical therapy sessions, orthopedic treatment, and two weeks of missed work. CCSF argues that the records bear on whether these damages were caused by the incident or by a pre-existing condition.

In response to Plaintiff's representation that no medical records of her right shoulder condition pre-date August 2007, CCSF contends that, if that is true, the proposed revised subpoenas "will yield nothing more than the records relating to [P]laintiff's August 2007 injury and any subsequent records relating to that injury. No additional documents will be disclosed and [P]laintiff's privacy will not have been impacted at all." (*Id*.) At the same time, CCSF argues that if any records of Plaintiff's shoulder injury prior to that date in fact exist - for instance, because Plaintiff has forgotten that she experienced and reported prior shoulder pain - they will be produced. Accordingly, CCSF urges the Court to deny Plaintiff's request for an order quashing the subpoenas

2

and grant it leave to amend the subpoenas to reflect the more narrow document request.

### III.  RULING

The Court has carefully considered the foregoing arguments, and now rules as follows.

To the extent that the subpoenas *as presently worded* seek "all medical records" pertaining to Plaintiff, the Court agrees with Plaintiff that the request is over-broad. Likewise, with respect to the request for "billing records . . . including payments received, write-offs and adjustments," the Court finds that CCSF has not articulated how this material is relevant or will lead to relevant evidence (assuming that the medical records contain the information CCSF seeks to discover). Accordingly, although Plaintiff's request that the Court quash the subpoenas may have been mooted by CCSF's statement that it intends to amend the subpoenas to limit the scope of the medical records sought, to the extent that the subpoenas are still outstanding, the Court **GRANTS** Plaintiff's request to quash the four subpoenas attached as Exhibits 1-4 to the joint letter.

As to the CCSF's proposed amended subpoenas seeking "all medical records related to [P]laintiff's upper right extremity and shoulder from ten years pre-incident through the present," the Court agrees with CCSF that the documents sought are relevant to Plaintiff's excessive force claim and prayer for damages and are thus discoverable.[1] With respect to Plaintiff's objection to the ten-year time frame for the medical records request, the Court finds that Plaintiff has not presented any convincing argument that this period is too remote to the facts/issues at play in this lawsuit. Accordingly, the Court **GRANTS** CCSF's request to amend the subpoenas consistent with this Order.

**IT IS SO ORDERED.**

Dated: July 29, 2009

_____
Maria-Elena James
Chief United States Magistrate Judge

---

[1] Plaintiff has not raised any objections to the subpoenas regarding Plaintiff's knees. Accordingly the Court declines to address any issues relating to those subpoenas.